**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DONNA G. POWERS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. H-06-468 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Donna G. Powers' ("Powers") Motion for an Award of Attorney's Fees and Costs brought pursuant to the Equal Access to Justice Act (" EAJA"), 28 U.S.C. § 2412. *See* Docket Entry No. 22. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, it is recommended that Plaintiff's Motion for an Award of Attorney's Fees and Costs (Docket Entry No. 22) be granted in part and denied in part.

**I.    Background**

As a consequence of filing suit seeking judicial review of the denial of a claim for social security benefits, Plaintiff successfully obtained the remand of the request for social security benefits. *See* Docket Entry Nos. 20, 21. Plaintiff now timely seeks a total award of $9,890.99, which includes the following:   58.60 hours of work performed by counsel at the rate of $158.20 per hour; 1.9 hours of work performed by a paralegal at a rate of $90.00 per hour; and costs in the amount of $449.47. *See* Docket Entry No. 22. Plaintiff's attorney contends that the requested fees reflect legal work reasonably and necessarily expended on Plaintiff's behalf. *See id.*

Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("the Commissioner"), opposes Powers' fee application, asserting that it is excessive.  *See* Docket Entry No. 24.

## II.    Analysis

### A.    Fees

The EAJA provides for attorney's fees in certain successful cases brought against the United States, including any agency (*e.g.,* the Social Security Administration) or official of the United States. Section 2412(d) of the EAJA states that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 163-64 (1990); *see also Squires-Allman v. Callahan*, 117 F.3d 918, 921 (5th Cir. 1997) (the purpose of the EAJA is to encourage private litigants to seek review of unreasonable government conduct or to vindicate their rights by challenging agency actions they would otherwise comply with to avoid litigation costs); *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988) ("[s]ection 2412(d) serves a dual purpose:  to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers").  Fees under the

EAJA penalize the Commissioner for assuming an unjustified legal position and, as such, are paid out of agency funds.[1]  *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994).

The EAJA requires the court to award reasonable attorney's fees when the Commissioner's position in the action was not "substantially justified."  *See* 28 U.S.C. § 2412(d)(1)(A).  An award of attorney's fees under 28 U.S.C. § 2412 is to be based upon the prevailing market rate for the kind and quality of the services furnished.  *See* 28 U.S.C. § 2412(d)(1)(A); *see also Hall v. Shalala*, 50 F.3d 367, 368 (5th Cir. 1995).  There are two exceptions to this general rule.  A court may award fees in excess of the statutory limit if it determines that an increase in the cost of living merits such an increase, or in the presence of a special factor,[2] such as the limited availability of qualified attorneys for the proceedings involved.  *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

It is Plaintiff's burden to prove either an increase in the cost of living or a special factor.  *See Hall*, 50 F.3d at 368; 28 U.S.C. § 2412(d)(2)(A).  District courts in Texas routinely allow cost of living adjustments.  *See Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *3 & n.6 (E.D. Tex. July 22, 2004) (citations omitted).  In determining an EAJA cost of living adjustment, the Fifth Circuit has approved the use of the United States Department of Labor's Consumer Price Index for all Urban Consumers ("CPI-U").  *See Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992); *Bode v. United States*, 919 F.2d 1044, 1052 n.8 (5th Cir. 1990); *see generally Baker*, 839 F.2d at 1082-84 (except in unusual circumstances, if there is a significant increase in the cost of living that

---

[2]  In contrast, fees under 42 U.S.C. § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits.  *See Orner,* 30 F.3d at 1309.

[3]  The presence of novel or time-consuming issues, or the need for an unusual level of legal expertise are *not* special factors that may be used to determine whether the EAJA rate should be increased over the statutory cap.  *See Pierce v. Underwood*, 487 U.S. 552, 573 (1988).

would justify an increase in the fee, the increase should be granted even though the ultimate award does not track the cost-of-living index for the geographical area).

Here, Plaintiff's counsel seeks an hourly rate of $158.20 for services performed, reflecting a cost of living increase from the statutory ceiling of $125.00 (effective March 1996) to present day. *See* Docket Entry No. 22.  The Commissioner does not refute Plaintiff's request for the cost of living increases or the applicability of such an enhancement to the case at bar.  Thus, the Court finds that an increase from the EAJA statutory cap to a rate of $158.20 per hour is warranted.

With respect to the number of hours expended, Plaintiff requests in her motion 58.6 hours of attorney's fees and 1.9 hours of paralegal fees.  *See* Docket Entry No. 22.  As exhibits to her motion, Plaintiff submitted her attorney's affidavit and itemized billing statement.  *See id.*  Plaintiff has made an unrebutted showing that she is the prevailing party in the matter.  Furthermore, the Commissioner has neither asserted that his position was substantially justified, as he has failed to demonstrate that the agency's actions in denying the requested benefits had a reasonable basis in law or fact, nor has the Commissioner established that special circumstances exist that would render an award of requested attorney's fees unjust.  *See Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003); *Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001); *United States v. Truesdale*, 211 F.3d 898, 908 (5th Cir. 2000); *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 231 & n.1 (5th Cir. 2000).

Notwithstanding, after assessing the request for attorney's fees in light of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the Court finds that Plaintiff's request for attorney's fees is unreasonable.  The amount of time expended by Plaintiff's counsel is excessive in light of the nature of the case and the services rendered. Plaintiff's counsel is an experienced lawyer and performed a valuable service to his client; however,

4

40 hours of attorney time and 1.9 hours of paralegal time for the services performed is reasonable. Consequently, Plaintiff shall recover $6,328.00 in attorney's fees (40 hours x $158.20) and $171.00 in paralegal fees (1.9 x $90.00).

**B.    Costs**

The Court's discretion in taxing costs against an unsuccessful litigant is limited by 28 U.S.C. § 1920.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 permits the following recoverable costs:

(1)    Fees of the Clerk and Marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)    Docket fees under § 1923 . . .; and

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 . . . .

28 U.S.C. § 1920.  A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute.  *See Crawford*, 482 U.S. at 441-42; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994).

A district court generally has wide discretion in awarding costs.  *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233-34 (1964); *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991).  This discretion, however, is not unfettered.  *See id.* at 216-17.  A court may not award costs to the prevailing party unless it first determines " that the expenses are allowable

cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990). Items proposed by prevailing parties as costs should always be given careful scrutiny. *See Farmer*, 379 U.S. at 235. Nevertheless, "[o]nly when a clear abuse of discretion is shown can an award of costs be overturned." *In re Nissan Antitrust Litig.*, 577 F.2d 910, 918 (5th Cir. 1978), *cert. denied*, 439 U.S. 1072 (1979); *accord Coats*, 5 F.3d at 891.

In this case, Plaintiff seeks costs in the amount of $449.47. The Commissioner does not oppose costs associated with court filing fees, photocopies, and postage. *See* Docket Entry No. 24. Expenses associated with delivery services ($71.88), mileage ($22.25), and parking ($5.00), however, are not directly related to costs taxable under 28 U.S.C. § 1920 and are not allowed. Rather, they are incidental expenditures incurred as part of routine office overhead that should be absorbed within the attorney's hourly rate. *See Communications Workers of Am. v. Ector County Hosp. Dist.*, 241 F. Supp. 2d 617, 637-38 (W.D. Tex. 2002). After deducting the impermissible costs ($99.13), Plaintiff is entitled to costs in the amount of $350.34.

## III.   Conclusion

In sum, Plaintiff is awarded $6,499.00 in attorney/paralegal fees and $350.34 in costs. Plaintiff's total award is $6,849.34. It is, therefore,

**ORDERED** that Plaintiff's Motion for an Award of Attorney's Fees and Costs (Docket Entry No. 22) is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that within sixty (60) days of the entry of this Memorandum and Order, the Commissioner is to pay Douglas W. Lyons, Jr., counsel for Plaintiff, $6,849.34, as this amount

is found to be the reasonable and necessary attorney' s fees and costs incurred on behalf of Plaintiff in this matter.

**SIGNED** at Houston, Texas on this 12th day of July, 2007.

Calvin Botley
United States Magistrate Judge